UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF ST. PETERSBURG, FLORIDA,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

**Case No. 8:10-cv-693-T-26TBM**

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT OPINION OF EDMON W. BLOUNT REGARDING ST. PETERSBURG'S DECISION TO SELL THE LEHMAN INVESTMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rules 104(a), 403, and 702 of the Federal Rules of Evidence, Plaintiff, the City of St. Petersburg, Florida ("St. Petersburg"), hereby moves the Court, *in limine*, for an order excluding Edmon W. Blount ("Mr. Blount") from proffering his opinion at trial as to what action St. Petersburg would have taken with respect to the Lehman Brothers investment at issue had St. Petersburg been properly advised by Wachovia that Lehman Brothers had been downgraded three times in the Summer of 2008, as required by the parties' contract. As shown below, and as he admitted in his deposition, Mr. Blount's conjecture on this factual issue is not based on any expertise, and the jury is in the best position to address this factual question based on the evidence that will be submitted at trial. As a result, Mr. Blount should be prohibited from offering his personal opinion on this issue pursuant to Rules 104(a), 403, and 702 of the Federal Rules of Evidence because he is not qualified to render such an opinion and his testimony would otherwise not be helpful to the jury. In further support of this motion, St. Petersburg submits the following incorporated memorandum of law in accordance with Local Rule 3.1(a).

## **PERTINENT FACTS**

This case arises from a decision by Wachovia Bank, N.A. ("Wachovia")[1] to purchase and hold a $15 million investment in Lehman Brothers (the "Lehman Investment") in St. Petersburg's securities lending account. Among other things, St. Petersburg contends that Wachovia breached its contractual and fiduciary obligations to St. Petersburg by failing to disclose material information to St. Petersburg about the Lehman Investment.

Significantly, under the contract at issue in this case, Wachovia was obligated to promptly notify St. Petersburg if any of the investments in its securities lending account were downgraded by any reporting agency. (*See* Securities Lending Agency Agreement, Attachment B at 1 (attached as Exhibit A).) At the same time, Wachovia was to seek written instructions from St. Petersburg as to whether the downgrade warranted liquidating the investment. (*See* Securities Lending Agency Agreement, Attachment B at 1.)

The Lehman Investment was downgraded on three occasions during the summer of 2008 by each of the three major credit reporting agencies. (Joint Pretrial Statement, Stips. 6-8.) At trial, St. Petersburg will show that none of these downgrades were reported to St. Petersburg. Moreover, St. Petersburg will also show at trial that had these three downgrades been properly reported and discussed with St. Petersburg, St. Petersburg would have instructed Wachovia to sell the Lehman Investment.

Wachovia has designated Mr. Blount to testify in this matter on a number of issues. Mr. Blount has a background in working with securities lenders. His primary opinions are related to Wachovia's conduct and actions with respect to the Lehman Investment.

---

[1] Wachovia was subsequently acquired by Wells Fargo Bank, N.A., in 2009, after the conduct at issue in this case occurred. (Joint Pretrial Statement, Stip. 4.)

2

In addition to these primary opinions, Mr. Blount also seeks to express his opinion on what St. Petersburg would have done had it been properly advised of the credit rating downgrades at issue. (Blount Dep. at 322-323.)[2] Mr. Blount's opinion in this regard, however, is not based on any expertise and not premised on any specialized research or analysis. His opinion constitutes nothing more than his conjecture based on facts that will be presented to the jury.

In short, Mr. Blount is in no better position than the jurors to decide this question of fact. As such, Mr. Blount's opinion on this issue is inadmissible and should be excluded pursuant to Rules 104(a), 403, and 702 of the Federal Rules of Evidence.

## ARGUMENT

Under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, an expert's opinion must be based on more than the expert's "subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 594 (1993) (emphasis added). The opinion must also be helpful to the trier of fact and not simply relate to an issue that a juror could determine just as well on his or her own. *United States v. Smith*, 122 F.3d 1355, 1358-59 (11th Cir. 1997).

In the Eleventh Circuit, trial courts may admit expert testimony only if the following three requirements are met: "(1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." *Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 790 (11th Cir. 2004). "The party seeking to introduce expert testimony bears the burden of satisfying these criteria by a preponderance of the evidence." *In re BankAtlantic Bankcorp, Inc. Securities Litigation*, No.

---

[2] Copies of the excerpted pages from Mr. Blount's deposition that we listed in this motion are attached hereto as Exhibit B.

07-61542-CIV-UNGARO, 2010 U.S. Dist. LEXIS 142374, at *3-4 (S.D. Fla. Aug. 18, 2010) (excluding expert testimony regarding whether an economic collapse was foreseeable because it was nothing more than "parroting" figures and commentary of other analysts).

Here, Mr. Blount's testimony satisfies none of these criteria. Mr. Blount's testimony is purportedly based on St. Petersburg's actions with respect other investments that had been downgraded. Mr. Blount admits, however, that his opinion does not require any expertise, and that he is merely offering his opinion as a lay person on this issue. "[I]n my experience," he testified, "people tend to do what they've done in the past . . . I'm not a psychologist." (Blount Dep. at 322-323.) Beyond this, Mr. Blount provides no expert analysis nor employs any expert methodology. As a result, Mr. Blount's opinion is not based on any expertise or any reliable scientific method.

In addition, allowing Mr. Blount to testify on this topic would not assist the trier of fact. "Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *United States v. Frazier*, 387 F.3d 1244, 1262-1263 (11th Cir. 2004) (citing 4 *Weinstein's Federal Evidence* § 702.03[2][a]). Here, St. Petersburg will present evidence that it would have sold the Lehman Investment if Wachovia had properly notified it of the credit rating downgrades. While Mr. Blount may have his own personal view of this issue, that does not entitle him to testify, as an expert, on factual issues unrelated to his expertise and well within the purview of jury to decide. *See Smith*, 122 F.3d at 1358-59. Ultimately, what St. Petersburg would have done with the Lehman Investment is a factual issue that will be presented to the jury to determine. There is no need for "expert" testimony on this issue, and it would be unfairly prejudicial to allow Mr. Blount to express his personal opinion.

## **CONCLUSION**

The Federal Rules of Evidence, as well as *Daubert* and its progeny, clearly set forth that expert testimony must be based on more than mere speculation. *See Club Car, Inc.* 362 F.3d at 790. Mr. Blount is not qualified to testify as an expert about what St. Petersburg would have done with the Lehman Investment had Wachovia fulfilled its contractual and fiduciary obligations St. Petersburg in reporting material information. Moreover, allowing Mr. Blount to testify on this issue would not be helpful to the jury and would be unfairly prejudicial to St. Petersburg. Accordingly, pursuant to the Rules 104(a), 403, and 702 of the Federal Rules of Evidence, Mr. Blount should be precluded from offering opinions on this topic at trial.

This the 9th day of March, 2012.

CITY OF ST. PETERSBURG, FLORIDA
By its attorneys,

SMITH MOORE LEATHERWOOD LLP

*/s/ Robert R. Marcus*
Robert R. Marcus
N.C. State Bar No. 20041
C. Bailey King, Jr.
N.C. State Bar No. 34043
525 N. Tryon Street, Suite 1400
Charlotte, NC 28202
Telephone: 704.384.2600
Facsimile: 704.384.2800
rob.marcus@smithmoorelaw.com
bailey.king@smithmoorelaw.com

Matthew Nis Leerberg
N.C. State Bar No. 35406
P.O. Box 27525
Raleigh, NC 27611
Telephone: 919-755-8700
Facsimile: 919-755-8800
matt.leerberg@smithmoorelaw.com


JOHN C. WOLFE, CITY ATTORNEY

Jacqueline Kovilaritch
Assistant City Attorney
P.O. Box 2842
St. Petersburg, FL 33731
Telephone: (727) 893-7401
Facsimile: (727) 892-5262
FBN: 380570
Jacqueline.Kovilaritch@stpete.org

*Attorneys for Plaintiff*

6

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), counsel for Plaintiff, the City of St. Petersburg, FL conferred with counsel for Wells Fargo Bank, N.A. in a good faith effort to resolve the issues raised by this motion but were unable to reach an agreement on the resolution of the motion.

This the 9th day of March, 2012.

>/s/ C. Bailey King, Jr.
C. Bailey King, Jr.
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT OPINION OF EDMON W. BLOUNT REGARDING ST. PETERSBURG'S DECISION TO SELL THE LEHMAN INVESTMENT AND INCORPORATED MEMORANDUM OF LAW** was filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I further certify that the foregoing was served on the following counsel for Defendants via e-mail:

Mary J. Hackett
Jack Cobetto
K. Isaac deVyver
George Linge
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222

Samuel J. Salario, Jr.
Kevin P. McCoy
CARTLON FIELDS, P.A.
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, FL 33607-5736

This the 9th day of March, 2012.

/s/ C. Bailey King, Jr.
C. Bailey King, Jr.
*Attorney for Plaintiff*