UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF ST. PETERSBURG, FLORIDA,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

Case No. 8:10-cv-693-T-26TBM

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT OPINION OF EDMON W. BLOUNT REGARDING THE STANDARD OF CARE OF A MUNICIPAL FINANCE DIRECTOR AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rules 104(a), 403, and 702 of the Federal Rules of Evidence, Plaintiff, the City of St. Petersburg, Florida ("St. Petersburg"), hereby moves the Court for an order, *in limine*, excluding Edmon W. Blount from offering expert testimony or opinions at trial regarding the purported standard of care applicable to St. Petersburg's municipal finance director in monitoring the City's securities lending account. Mr. Blount has no experience as a municipal finance director, and he did nothing to familiarize himself with the obligations of such a person in a same or similar role in a same or similar locale. Moreover, his opinions are not based on any reliable studies or methodology and are not supported by any reported research, standards, practices, guidelines, or any other identifiable information upon which an expert may rely. As such, Mr. Blount is simply not qualified to testify as an expert on the standard of care required of St. Petersburg's finance director. Consequently, his opinions on this topic are not sufficiently reliable and run the risk of confusing the jury. In further support of this motion, St. Petersburg submits the following incorporated memorandum of law in accordance with Local Rule 3.1(a).

## PERTINENT FACTS

It is anticipated that Wachovia Bank, N.A. ("Wachovia")[1] will attempt to argue in this case that even if it failed to properly administer St. Petersburg's securities lending account, St. Petersburg was comparatively negligent in failing to discover Wachovia's wrongdoing sooner. In this regard, Wachovia has proffered the testimony of Edmon W. Blount ("Mr. Blount") to opine on the standard of care applicable to a municipal finance director and to opine as to whether St. Petersburg's Finance Director comported with that standard of care.

Mr. Blount, however, is not qualified to testify as an expert in this area. Mr. Blount has never testified or opined as an expert on the standard of care expected of a municipal finance director. (Blount Dep. at 45.)[2] He has never worked as a municipal finance director. (Blount Dep. at 316, 134.) He has never managed an investment portfolio for any institution, municipal or otherwise. (Blount Dep. at 134-35.) In forming his opinions, Mr. Blount did not do any scholarly research on the obligations of a municipal finance director. (Blount Dep. at 316-20.) He did not speak to or interview any municipal finance directors. (Blount Dep. at 319.) Finally, his opinions do not reference any applicable reports, studies, guidelines, or standards. (Blount Dep. at 316-17.) Indeed, Mr. Blount offers no specific basis for his qualifications or opinions.

In short, the only proffered basis for Mr. Blount's expertise on this issue is that he has worked with municipal finance directors before in explaining securities lending. (Blount Dep. at 316-20.) He has made no showing, however, that this qualifies him as an expert to establish the standard of care of municipal finance directors, in general, or what specific standard of care would be applicable to St. Petersburg's Finance Director in this case.

---

[1] Wachovia was subsequently acquired by Wells Fargo Bank, N.A., in 2009, after the conduct at issue in this case occurred. (Joint Pretrial Statement, Stip. 4.)
[2] Copies of the excerpted pages from Mr. Blount's deposition that are cited in this motion are attached hereto as Exhibit A.

## **ARGUMENT**

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)  the testimony is based on sufficient facts or data;
>
> (c)  the testimony is the product of reliable principles and methods; and
>
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Mr. Blount's attempt to testify as an expert regarding the standard of care fails the first prong of Rule 702's test, as he has no specialized knowledge on this point. *Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 790 (11th Cir. 2004) (expert must be "qualified to testify on the topic at issue").

Mr. Blount has no specialized knowledge on what is expected, in general, of a municipal finance director, let alone the finance director of St. Petersburg, or a similarly situated finance director. He cites no research, standards, guidelines, or other objective information upon which he basis his opinion. (Blount Dep. at 316-20.) He did not conduct any research or interview anyone in forming his opinions. (Blount Dep. at 316-20.) He has never worked as a finance director and has never managed an investment portfolio for any entity, municipal or otherwise. (Blount Dep. at 45, 134-35.) Likewise, he has never provided advice to an institution on an investment decision. (Blount Dep. at 134-35.) Not surprisingly, therefore, Blount has never

3

provided expert testimony about the standard of care for a municipal finance director. (Blount Dep. at 45, 323-24.)

Moreover, Mr. Blount admits in his deposition that a municipal finance director would be more qualified than him to provide an opinion on the standard of care, but he did not bother to speak to any municipal finance directors in forming his opinion. (Blount Dep. at 319.) Instead, Mr. Blount testified that he is relying solely on what he believes are "common sense" obligations. (Blount Dep. at 326.)

Simply put, Mr. Blount has no specialized knowledge or expertise on the relevant standard of care. Moreover, he has conducted no specialized research and has provided no objective source for the basis of his opinions. The mere fact that he has worked with municipal finance directors at some point does not make him an expert on their standard of care. Accordingly, his opinions should be excluded as going beyond the scope of his expertise.

In addition, to the extent his opinions are based on "common sense," there is no need to introduce his opinions at trial. Rule 702 and *Daubert*, as well as Rule 403, require that an expert opinion be based on more than issues which a juror could understand and determine on their own. In particular, "[e]xpert testimony is properly excluded when it is not needed to clarify facts and issues of common understanding which jurors are able to comprehend for themselves." *United States v. Smith*, 122 F.3d 1355, 1358-59 (11th Cir. 1997) (internal citations omitted). Accordingly Mr. Blount's opinions should be excluded because they are not helpful to the trier of fact and would run the risk of confusing the jury.

## CONCLUSION

While Mr., Blount may be qualified to render certain opinions in this case, he is not qualified to opine as to the standard of care applicable St. Petersburg's finance director .

According, his testimony in this regard should be excluded pursuant to Rules 104(a), 403, and 702 of the Federal Rules of Evidence.

This the 9th day of March, 2012.

<div style="margin-left: 40%;">

CITY OF ST. PETERSBURG, FLORIDA

By its attorneys,

SMITH MOORE LEATHERWOOD LLP

/s/ *Robert R. Marcus*
Robert R. Marcus
N.C. State Bar No. 20041
C. Bailey King, Jr.
N.C. State Bar No. 34043
525 N. Tryon Street, Suite 1400
Charlotte, NC 28202
Telephone: 704.384.2600
Facsimile: 704.384.2800
rob.marcus@smithmoorelaw.com
bailey.king@smithmoorelaw.com

Matthew Nis Leerberg
N.C. State Bar No. 35406
P.O. Box 27525
Raleigh, NC 27611
Telephone: 919-755-8700
Facsimile: 919-755-8800
matt.leerberg@smithmoorelaw.com

JOHN C. WOLFE, CITY ATTORNEY

Jacqueline Kovilaritch
Assistant City Attorney
P.O. Box 2842
St. Petersburg, FL 33731
Telephone: (727) 893-7401
Facsimile: (727) 892-5262
FBN: 380570
Jacqueline.Kovilaritch@stpete.org

*Attorneys for Plaintiff*

</div>

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), counsel for Plaintiff, the City of St. Petersburg, FL conferred with counsel for Wells Fargo Bank, N.A. in a good faith effort to resolve the issues raised by this motion but were unable to reach an agreement on the resolution of the motion.

This the 9th day of March, 2012.

/s/ C. Bailey King, Jr.
C. Bailey King, Jr.
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT OPINION OF EDMON W. BLOUNT REGARDING THE STANDARD OF CARE OF A MUNICIPAL FINANCE DIRECTOR** was filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I further certify that the foregoing was served on the following counsel for Defendants via e-mail:

> Mary J. Hackett
> Jack Cobetto
> K. Isaac deVyver
> George Linge
> REED SMITH LLP
> Reed Smith Centre
> 225 Fifth Avenue
> Pittsburgh, PA 15222
>
> Samuel J. Salario, Jr.
> Kevin P. McCoy
> CARTLON FIELDS, P.A.
> 4221 W. Boy Scout Boulevard
> Suite 1000
> Tampa, FL 33607-5736

This the 9th day of March, 2012.

> /s/ C. Bailey King, Jr.
> C. Bailey King, Jr.
> *Attorney for Plaintiff*