# EXHIBIT A

Page 1

```
 1              UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
 2                    TAMPA DIVISION

 3   - - - - - - - - - - - - - - - - - - x
     CITY OF ST. PETERSBURG, FLORIDA,     :
 4                                        :
           Plaintiff,                     :
 5                                        :
     v.                                   :
 6                                        :
     WELLS FARGO BANK, N.A.,              :
 7                                        :
           Defendant.                     :
 8   - - - - - - - - - - - - - - - - - - x

 9                 September 1, 2011

10

11

12         Videotaped Deposition of R. GLENN

13   HUBBARD, taken pursuant to notice, held at the

14   offices of Reed Smith, 599 Lexington Avenue,

15   New York, New York, commencing at 9:56 a.m. before

16   Jamie I. Moskowitz, a Registered Professional

17   Reporter and Notary Public.

18

19

20

21

22

23

24

25
```

City of St. Petersburg, Florida v. Wells Fargo Bank, N.A.
R. Glenn Hubbard
1:10-CV-1312-TWT
September 1, 2011

Page 72

1  the bankruptcy filing of Lehman Brothers on
2  September 15, 2008 was reasonably foreseeable.
3              Where did that question come from?
4     A     That was the question the attorneys
5  asked me to consider.
6     Q     Okay.  Is that the only question you
7  were asked to consider?
8     A     Well, in this report, there's also
9  rebutting Mr. Freed's work.  But yes, I mean, the
10 economic question is that.
11    Q     Do you know -- do you have an
12 understanding as to whether your -- how, if at all,
13 your opinion is relevant to this dispute between
14 St. Petersburg and Wells Fargo?
15    A     I'm not an attorney, but certainly to
16 the extent that the Lehman Brothers bankruptcy is
17 unforeseeable, it becomes very difficult to argue
18 that, ex-ante, an entity should have known it was
19 happening.
20    Q     Is it your -- are you -- I want to
21 make sure I understand your opinion.
22             Are you saying that the Lehman
23 Brothers bankruptcy was not reasonably foreseeable
24 by the market, or are you saying that the Lehman
25 bankruptcy was unforeseeable?

City of St. Petersburg, Florida v. Wells Fargo Bank, N.A.  1:10-CV-1312-TWT
R. Glenn Hubbard  September 1, 2011

Page 73

```
 1     A     I'm saying that it's not reasonably
 2  foreseeable.  We know that there are individual
 3  investors that did bet against Lehman.  They turned
 4  out to be right.
 5     Q     How do you define "reasonably
 6  foreseeable"?
 7     A     Given the data and information that
 8  you have, that there's a, you know, material
 9  probability of bankruptcy.  And the information you
10  would want to look at are securities prices, both in
11  primary markets and derivative markets, and
12  available information about the credit quality of
13  the firm; what other investors are doing and so on.
14     Q     What's a material probability?
15     A     To me, if you're asking about
16  reasonably foreseeable in bankruptcy, it would be
17  that -- you know, it would be a small number, a
18  small probability of bankruptcy.
19     Q     If there's a 10 percent chance of
20  bankruptcy, would that -- would that be a material
21  probability?
22     A     You know, again, there's no bright
23  line, but I would say, you know, somewhat above that
24  might be something that you would really worry
25  about.
```

City of St. Petersburg, Florida v. Wells Fargo Bank, N.A.  
R. Glenn Hubbard

1:10-CV-1312-TWT  
September 1, 2011

Page 74

```
 1      Q        Well, you wouldn't worry about it --
 2   you, personally, would not feel that a 10 percent
 3   chance of bankruptcy is material probability of
 4   bankruptcy?
 5      A        Well, keep in mind there is no single
 6   calculation that gets you to 10, 20, 30 or anything
 7   else.  You're backing it out from individual data
 8   sources that often send different answers.
 9               So, it's really a qualitative
10   assessment that someone has to make, obviously
11   informed by market prices.
12      Q        And whether something is material,
13   there's a lot of subjectivity in that, correct?
14      A        Well, it would certainly be in the
15   judgment of whoever is making the claim.
16      Q        Right.  I mean, if someone said, I
17   would find it material to know if there's a
18   10 percent chance of a default, do you have -- would
19   you dispute that opinion?
20      A        I guess I would want to know why the
21   person believes that and whether that was already
22   priced in.  We know that the prices of the Lehman
23   bonds indicated a negligeable, almost zero
24   probability of default until the very end.
25      Q        Have you done that calculation?
```

City of St. Petersburg, Florida v. Wells Fargo Bank, N.A.
R. Glenn Hubbard
1:10-CV-1312-TWT
September 1, 2011

Page 75

1   A    All we have to do is look at the bonds
2  trading near par.  It's not a difficult -- I can do
3  it for you.
4   Q    Wachovia could have done that, right?
5   A    All I'm saying is all you have to do
6  is look at the bond prices.
7   Q    I'm just asking you.  You said it's
8  a -- I understand your opinion that you said it's --
9  that it was not reasonably foreseeable; is that
10 correct?
11  A    That's my opinion, yes.
12  Q    And then you said in your opinion,
13 it's not -- when you're looking at reasonableness or
14 foreseeability, you're looking at whether there's a
15 material chance, correct?
16  A    If that's your question.  If your
17 question is an investment question, you want to know
18 whether that chance, whatever it is, is accurately
19 priced into the security.  People may buy securities
20 that have a significant chance of default, if
21 they're being paid for that risk.
22  Q    And what I guess piqued my curiosity
23 is I think I heard you say that, in your opinion,
24 the risk of default of the bonds was negligible?
25  A    Until the end, yes.