# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**CITY OF ST. PETERSBURG, FLORIDA,**

        **Plaintiff,**

**v.**                                            **Case No. 8:10-cv-693-T-26TBM**

**WELLS FARGO BANK, N.A.,[1]**

        **Defendant.**

_____/

## O R D E R

THIS CAUSE is before the court on the following motions:

1. **Plaintiff's Motion in Limine to Exclude Expert Opinions of R. Glenn Hubbard** (Doc. 105) and Defendant's response in opposition (Doc. 123);

2. **Plaintiff's Motion in Limine to Exclude Expert Opinion of Edmon W. Blount Regarding St. Petersburg's Decision to Sell the Lehman Investment** (Doc. 106) and Defendant's response in opposition (Doc. 124);

3. **Plaintiff's Motion in Limine to Exclude Expert Opinion of Edmon W. Blount Regarding the Standard of Care of a Municipal Finance Director** (Doc. 107) and Defendant's response in opposition (Doc. 124);

4. **Plaintiff's Motion in Limine to Exclude Certain Newspaper Articles** (Doc. 108) and Defendant's response in opposition (Doc. 125);

5. **Plaintiff's Motion in Limine to Exclude Testimony Regarding SEC Investigation of Ralph R. Cioffi and Matthew M. Tannin** (Doc. 109) and Defendant's response in opposition;

6. **Defendant's Motion in Limine to Exclude Reference to Other Litigation** (Doc. 110) and Plaintiff's response in opposition (Doc. 122);

---

[1]Wells Fargo Bank, N.A. (Wells Fargo), is the successor in interest to Wachovia Bank, N.A. (Wachovia).

7. **Defendant's Motion in Limine to Exclude Other Client Contracts and Communications** (Doc. 111) and Plaintiff's response in opposition (Doc. 120);

8. **Defendant's Motion in Limine to Exclude Evidence Relating to Pre-Contract Discussions and Negotiations** (Doc. 112) and Plaintiff's response in opposition (Doc. 121); and

9. **Defendant's Motion in Limine to Exclude Reference to Other Investments** (Doc. 126) and Plaintiff's response in opposition (Doc. 130).

Upon consideration, the court Orders as follows.

Regarding Plaintiff's first three motions - - **Motion in Limine to Exclude Expert Opinions of R. Glenn Hubbard** (Doc. 105), **Motion in Limine to Exclude Expert Opinion of Edmon W. Blount Regarding St. Petersburg's Decision to Sell the Lehman Investment** (Doc. 106), and **Motion in Limine to Exclude Expert Opinion of Edmon W. Blount Regarding the Standard of Care of a Municipal Finance Director** (Doc. 107) - - ruling is **DEFERRED** pending further arguments.[2]

As for **Plaintiff's Motion in Limine to Exclude Certain Newspaper Articles** (Doc. 108)[3] from being introduced into evidence or offered to the jury, the City urges that such articles contain inadmissible hearsay, conjecture and speculation, and are otherwise unfairly prejudicial to its case. Wachovia responds that it will demonstrate at trial that many of the statements contained in these news articles are false and they wish to employ certain statements to impeach the witnesses. Additionally, it wishes to show a pattern of conduct by

---

[2]At least to the extent that it is demonstrated that Dr. Hubbard's opinions are offered to counter those of the City's expert(s), such will likely be permitted.

[3]According to the motion, the articles are identified as defense exhibits 138, 169, 722, 723, 726, and 727. (Doc. 108 at 2).

City staff misrepresenting what happened here in order to cover up their own negligence. Upon consideration, the motion (Doc. 108) is **GRANTED**. That some of the statements are false, in and of itself, is not grounds to admit them. The desire to show a cover-up by certain City staffers through these news articles appears irrelevant to the real issues in the case. In any event, the articles are inadmissible under Rule 403.[4] The court will not permit the wholesale introduction of these articles or a portion of them. That said, as the City recognizes, it may develop that Wachovia should be permitted to question particular witnesses about particular statements set forth in the articles. Such matters will be addressed further at the trial.

Regarding **Plaintiff's Motion in Limine to Exclude Testimony Regarding SEC Investigation of Ralph R. Cioffi and Matthew M. Tannin** (Doc. 109), the parties have now agreed that the motion be withdrawn and that Wachovia will not make reference to or attempt to introduce evidence related to this SEC investigation of Cioffi and Tannin (Doc. 134). Accordingly, the motion (Doc. 109) is **WITHDRAWN** and the Clerk is directed to terminate it as such.

Regarding **Defendant's Motion in Limine to Exclude Reference to Other Litigation** (Doc. 110), Wells Fargo seeks to exclude any reference to or testimony about other lawsuits brought against Wachovia or Wells Fargo for claims and alleged investment losses arising from securities lending investments. While the motion identifies certain

_____

[4]The City notes that numerous videotapes of City Council meetings are also identified as potential exhibits and may have the same issues. As these matters are not addressed further, issues related to these videotapes will be addressed at trial if necessary.

specific lawsuits, it seeks to bar the City from referencing *any* lawsuits, filed or threatened, arising from securities lending investments. It argues that such evidence is irrelevant under Rule 402, and even if relevant, is inadmissible under Rule 403 because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the potential that it will mislead the jury. The City responds that while it does not intend to introduce such evidence during its case-in-chief, there are a few limited situations in this case which may make reference to other litigation appropriate. Thus, the response identifies several circumstances which may make such evidence appropriate for the jury's consideration, including issues of expert qualification and/or potential bias and impeachment or rebuttal of the defense case. It asks the court to defer ruling on this motion. Upon consideration, the motion (Doc. 110) is **GRANTED in part.** To the extent that such evidence is not anticipated as part of the City's case-in-chief, no argument about such other litigation or in-depth testimony about the same shall be attempted without further order of the court. To the extent that some limited inquiry of such other litigation involving Wachovia is necessary and appropriate with the expert witnesses, it may be introduced. If further development of such matters is appropriate for impeachment purposes or in rebuttal, such matters will be addressed further at trial.

Regarding **Defendant's Motion in Limine to Exclude Other Client Contracts and Communications** (Doc. 111), Wachovia seeks to bar any testimony or evidence about its other clients in its securities lending program.[5] It contends that such evidence is irrelevant to

---

[5]According to the motion, the City has identified deposition testimony and numerous exhibits revealing client communications, contracts and account information from at least nine clients.

the City's claims in this suit. In this regard, Wachovia asserts that its contracts with these other clients contain terms different from those contained in the agreement between Wachovia and St. Petersburg, and thus are unique and irrelevant to this suit. Further, it notes that some of the contracts and communications involve clients that did not invest in the Lehman Brothers note at issue in this case. In response, the City argues that such evidence may be relevant to Wachovia's knowledge of the risks associated with the Lehman investment at issue, the standard of care for an investment adviser in reporting information to clients, and the disparity between the information provided to the City as opposed to other larger clients. (Doc. 120). Upon consideration, ruling on this motion (Doc. 111) is **DEFERRED**.

Concerning **Defendant's Motion in Limine to Exclude Evidence Relating to Pre-Contract Discussions and Negotiations** (Doc. 112), Wachovia urges that any such representations and statements made between the parties prior to the date of their agreement, offered in order to vary, modify, or add to the terms of the agreement violate the parol evidence rule.[6] Here, Wachovia asserts that because the contract between it and the City is unambiguous and contains a merger clause, any attempt to introduce extrinsic evidence to prove different or additional terms must be prohibited and excluded from trial. In particular, Defendant identifies pre-contract representations regarding the risks of securities lending, regarding "matching" and the duration of loans and investments that would be made under the "matched" securities lending program, and any statement by the City that it did not want

---

[6]As noted by Wachovia (Doc. 112 at 3-4), the parol evidence rule prohibits parties from introducing evidence outside the four corners of the contract to vary or modify the terms of an unambiguous contract. *Ungerleider v. Gordon*, 214 F. 3d 1279, 1282 (11th Cir. 2000).

Wachovia to purchase corporate bonds in the securities lending program. In response, the City urges that the parol evidence rule is inapplicable because it does not intend to introduce evidence of this sort for the purpose of varying, modifying, or adding to the agreement. Rather, it will introduce such evidence[7] to defend against Wachovia's claim that the City did not understand the securities lending program and, as a result, did not properly monitor its investments. Upon consideration, ruling on this motion (Doc. 112) is **DEFERRED**.

Finally, regarding **Defendant's Motion in Limine to Exclude Reference to Other Investments** (Doc. 126), Wachovia urges that the City should be barred from referencing or introducing evidence of other investment vehicles such as structured investment vehicles (SIVs), in which it was not invested by Wachovia but which failed during the U.S. financial crisis in 2008. By its argument, such evidence is irrelevant under Rule 402 and inadmissible in any event under Rule 403. In response, the City maintains that such evidence is relevant because it demonstrates that Wachovia's claim of surprise and one of its defenses, i.e., that Wachovia reasonably relied on Lehman Brothers' strong credit rating up until the time of its bankruptcy, does not fly, and while SIVs are not broker-dealers like Lehman Brothers, SIVs are similar to financial institutions, which includes Lehman Brothers, and both had significant mortgage exposure and were dependent on short-term financing. As for the Rule 403 concerns, the City contends that Wachovia will not be unfairly prejudiced by the introduction of this evidence for the limited purposes above. Thus, the City urges that the court not

---

[7]The City indicates it does not intend to introduce evidence that it did not want Wachovia to purchase corporate bonds. It indicates further that it will not claim that corporate bonds were not a permissible investment under the agreement, as long as the corporate bond met the objectives and satisfied the requirements of the investment guidelines.

exclude any reference to other investments made by Wachovia. (Doc. 130). Upon consideration, the motion is **DENIED** at present. Limited testimony about these other failed investment vehicles appears relevant to the claims and defenses in this case. Wachovia's objections may be revisited at trial.

      **Done and Ordered** in Tampa, Florida, this 23rd day of March 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record