UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CITY OF ST. PETERSBURG, FLORIDA,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 8:10-cv-693-TBM |

**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULES 60(b)(5) AND/OR 60(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE OR FOR RECONSIDERATION OF THE COURT'S DENIAL OF DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 59 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND INCORPORATED <u>MEMORANDUM OF LAW</u>**

Mary J. Hackett
K. Issac deVyver
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
412.288.3131

*Attorneys for Defendant*
*Wells Fargo Bank, N.A.*

## INTRODUCTION

Defendant Wells Fargo Bank, N.A., as successor in interest to Wachovia Bank, N.A. ("Wachovia"), hereby moves, pursuant to Rule 60(b)(5) and/or 60(b)(6) of the Federal Rules of Civil Procedure, for an Order reducing the judgment entered in favor of Plaintiff City of St. Petersburg, Florida (the "City") or, pursuant to Rule 59 of the Federal Rules of Civil Procedure, for reconsideration of this Court's denial of Wachovia's motion for judgment as a matter of law. The relief requested is warranted as a result of a $903,000 payment recently made to the City in the Lehman Brothers bankruptcy proceeding. This payment—made after the judgment was entered in this case—has resulted in an impermissible double recovery by the City, warranting a reduction in the judgment and also illustrating why a plaintiff who has not suffered a realized and fixed loss cannot establish a cognizable claim as a matter of law and why Wachovia is entitled to entry of judgment in its favor.

To begin, the legal principle precluding a judgment in favor of a plaintiff who has not yet fully realized a loss guards against impermissible windfalls to plaintiffs who eventually may recover some or all of the damages they seek from the defendant. Here, there is no longer just the possibility of a windfall to the City—the outcome that the rule against recovery for unrealized losses is intended to prevent has become a reality. Therefore, justice requires that Wachovia be granted relief from the judgment pursuant to Rule 60(b)(5) in the form of a reduction of the judgment in the amount recently paid to the City in the Lehman bankruptcy proceedings. *See City of St. Petersburg v. Wells Fargo Bank, N.A.*, No. 8:10-cv-00693-TBM, at p. 5 (M.D. Fla. Aug. 9, 2012) (in ruling on Wachovia's post-trial motion,

noting that "it would appear that this court may address the potential for [a] windfall on subsequent pleadings").

Relief in the form of a reduction of the judgment under Rule 60, however, will provide only a temporary and partial solution to a larger problem. Based on publicly available information, the City will be receiving further payments on the Lehman Note, and Wachovia will need to return to this Court with requests for further relief from the judgment when additional payments are made. Throughout this litigation—including in its Rule 50(a) and (b) motions—Wachovia argued that it is entitled to judgment as a matter of law because the City, which still holds the Lehman Note, had not yet realized a loss and thus could not prove that it had sustained an actual injury resulting in concrete, non-speculative damages. The recent payment illustrates the concerns reflected in the case law on which Wachovia relied to argue that the City has not established a legally cognizable claim. Because the judgment reflects an award of the "make whole" damages the City sought, but the City still holds the Lehman Note, it will be the beneficiary of further windfalls when additional payments are made through the bankruptcy proceedings or otherwise. Accordingly, this Court should reconsider its August 9, 2012 Order denying Wachovia's Rule 50(b) motion and then enter judgment as a matter of law in favor of Wachovia.

## FACTUAL BACKGROUND AND PRELIMINARY STATEMENT

As this Court knows, this case arises out of investment losses the City allegedly incurred as a result of Wachovia's investment of the City's securities lending collateral in $15 million worth of Lehman Brothers investments (the "Lehman Note"). The City's claims for breach of contract, breach of fiduciary duty, and negligence against Wachovia were tried

to a jury. The City's theory was that Wachovia should have sold the Lehman Note no later than the summer of 2008, and accordingly, Wachovia should be held liable for the difference between the value of the Lehman Note as of the summer of 2008, which amounted to roughly 96 cents on the dollar (approximately $14.4 million) and the stipulated value of the Lehman Note on the first date of trial (approximately $4 million).

At the close of the City's case-in-chief, Wachovia moved for judgment as a matter of law under Rule 50(a), arguing that because the City still held the Lehman Note, the City had not sustained an actual injury and could not establish a cognizable, ascertainable loss. Wachovia further pointed out that because the Lehman Note continued to fluctuate in value, a damages award to the City could result in an impermissible double recovery if the value of the Lehman Note increased or the City received payments on the Lehman Note. In support of its motion, Wachovia cited numerous cases, including *Fresh Del Monte Produce N.V. v. Eastbrook Caribe A.V.V.*, a New York appellate court decision, holding that as a matter of law a plaintiff who has not realized a loss cannot prove entitlement to recover and warning that allowing a plaintiff to do so in such circumstances creates a serious risk of a windfall to the plaintiff.[1] This Court denied Wachovia's Rule 50(a) motion. On April 3, 2012, the jury

---

[1] In *Fresh Del Monte,* the First Department Appellate Division explained why unrealized losses are not legally cognizable damages when it was called upon to interpret an indemnification provision in a settlement agreement. 836 N.Y.S.2d 160, 162 (N.Y. Sup. Ct. App. Div. 2007). The court explained that if the phrase "loss, damage, [or] injury," (set forth in the indemnification clause of a settlement agreement) was interpreted to include unrealized losses, the defendant would be required to indemnify the plaintiffs for temporary drops in stock price even if the plaintiffs suffered no damages. *Id.* at 164. The court noted that this would constitute a "'strange, unnatural and unreasonable reading of the contract'" because it would result in a "windfall award of 'damages' where none have been sustained." *Id.* at 164-65 (quoting *Fleischman v. Furgueson*, 119 N.E. 400 (1918)). As explained in more detail
Continued on following page

rendered a verdict for the City in the amount of $10,387,500.00. Wachovia then renewed its motion for judgment as a matter of law under Rule 50(b), reiterating its argument that the City had not incurred a cognizable loss and again citing cases like *Fresh Del Monte*. This Court denied Wachovia's Rule 50(b) motion as well.

The concerns that underlie the rule that a plaintiff cannot recover unrealized losses have become a reality here. On April 17, 2012 (shortly after the judgment was entered in this matter), the City received a partial payout in the amount of $903,000 on their claim in the Lehman Brothers bankruptcy. Affidavit of Stephen Young ("Young Affidavit"), attached hereto as Exhibit A. The City, consequently, has obtained a windfall far in excess of its alleged loss. More specifically: The jury's damages award—and the judgment entered on it—represented recovery the City claimed was required to make it whole for the losses it allegedly suffered as a result of Wachovia's failure to sell the Lehman Note in the summer of 2008. Yet, because the City has received an additional sum of nearly $1 million in the bankruptcy proceeding, it actually has recovered more than what it claimed was required to make it whole under its liability theory. Rule 60(b)(5) provides a means to rectify this unfair result. Accordingly, this Court should exercise its considerable discretion to reduce the judgment in the amount of $903,000.

While relief in the form of a reduction of the judgment plainly is justified here, it will not provide an adequate solution to the larger problem. The City still holds the Lehman Note

---

Continued from previous page
*infra* and in Wachovia's Rule 50(a) and 50(b) motions for judgment as a matter of law, the reasoning set forth in *Fresh Del Monte* applies to the circumstances at issue here.

and additional payments will be made to the City in the Lehman bankruptcy proceedings. *See* Young Affidavit; *In re Lehman Brothers Holdings, Inc. et al.*, No. 08-13555 (Bankr. S.D.N.Y. Aug. 16, 2012) (Notice of Second Distribution Date and Record Date in Connection with the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings, Inc. and Its Affiliated Debtors,) *available at* http://dm.epiq11.com/LBH/Project (last accessed August 30, 2012), attached hereto as Exhibit B. Allowing the judgment to stand under these circumstances will only lead to future windfalls which, in turn, will lead to additional requests for further relief from the judgment. For this reason, this Court should exercise its discretion to reconsider its August 9, 2012 Order under Rule 59 and enter judgment as a matter of law in Wachovia's favor pursuant to Rule 50.

## **LEGAL STANDARD**

Rule 60(b) of the Federal Rules of Civil Procedures provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."[2] Although relief under Rule 60(b) is an extraordinary remedy reserved for extraordinary circumstances, the Rule "provides courts with a 'grand reservoir of equitable power to do justice in a particular case.'" *Federal Deposit Ins. Corp. v. United Pacific Ins.*

---

[2] This Court also could reduce the judgment or vacate it in its entirety under Rule 60(b)(6). *See* Fed. R. Civ. P. 60(b)(6) (authorizing court to provide relief from a judgment for "any other reason that justifies relief").

*Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting *State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996)). "A district court accordingly has substantial discretion to grant relief as justice requires under Rule 60(b))." *Id.* This case presents exactly the type of extraordinary circumstances that warrant relief under Rule 60(b).

Motions for reconsideration are treated as motions to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889 (11th Cir. 1990) ("Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of a dispute."). Like the adjudication of a motion under Rule 60(b), adjudication of a motion for reconsideration under Rule 59 should be driven by the interests of justice. *See, e.g., Horowitch v. Diamond Aircraft Industries, Inc.*, No. 6:06-cv-1703-Orl-19KRS, 2009 WL 1537896, at *3 (M.D. Fla. June 2, 2009) (citing *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002)) ("The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice."). When a moving party "demonstrate[s] why the court should reconsider its prior decision and 'set[s] forth facts or law of a strongly convincing nature,'" a district court has the discretion to reverse a prior decision. *Equity Hernando Woods, Inc. v. United States*, 910 F. Supp. 574, 575 (M.D. Fla. 1995) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)); *see also Horowitch*, 2009 WL 1537896, at *2 ("[t]he decision to grant a motion for reconsideration is committed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion").

## ARGUMENT

**I. THIS COURT SHOULD REDUCE THE JUDGMENT BY $903,000 TO PREVENT AN UNFAIR WINDFALL TO THE CITY**

Here, "strongly convincing" facts and law justify reconsideration of the August 9, 2012 Order denying Wachovia's Rule 50(b) motion and entry of judgment as a matter of law in Wachovia's favor, or at minimum, reduction of the judgment by the amount of the $903,000 payment on the Lehman Note the City recently received. Under both Florida and New York law,[3] the purpose of damages is to make the plaintiff whole, not to provide a windfall to the plaintiff. *See, e.g., MCI Worldcom Network Servs., Inc. v. Mastec, Inc.*, 995 So.2d 221, 223-24 (Fla. 2008) ("[T]he purpose of compensatory damages is to compensate, not to punish defendants or bestow a windfall on plaintiffs.") (quoting *Cooperative Leasing, Inc. v. Johnson*, 872 So.2d 956, 958 (Fla. Dist. Ct. App. 2d Dist. 2004)); *N.Y. City Economic Development Corp. v. T.C. Foods Import & Export Co., Inc.*, 819 N.Y.S.2d 849, 2006 WL 1132350, at *3 (N.Y. Sup. Ct. Apr. 17, 2006) ("The purpose of damages is to compensate a plaintiff for legally recognized losses, without permitting the recovery of any windfall."). Similarly, the "one satisfaction" rule provides that "a plaintiff is entitled to only one satisfaction for a single injury, such that amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008). "The

---

[3] The parties agree that the breach of contract claim is governed by New York law, and that the breach of fiduciary duty and negligence claims are governed by Florida law.

one-satisfaction rule [is invoked] as an equitable doctrine designed to prevent multiple recoveries by a plaintiff on its own claim and for a single injury." *Id.* at n. 5.

Courts routinely invoke Rule 60(b)(5) to remedy unfair windfalls and double recoveries. For instance, the Eleventh Circuit recently applied the one-satisfaction rule in the context of a Rule 60(b)(5) motion seeking a reduction in the judgment to account for payments made to the plaintiff for the same alleged loss for which the judgment provided compensation. The plaintiff in that case filed copyright infringement claims against six defendants, three of whom settled with the plaintiff before trial. *BUC,* 517 F.3d at 1274. The settling defendants were not dismissed from the suit until after trial. *Id.* at 1274. The jury found for the plaintiff, and judgment was entered for the plaintiff for the full amount of its damages. *Id.* The non-settling-defendants then filed a motion under Rule 60(b), asking that the judgment be reduced by the amount paid by the settling defendants. *Id.* The Eleventh Circuit reversed the district court's denial of the defendant's Rule 60(b) motion and directed the district court to reduce the judgment against the non-settling defendants by the amount the plaintiff received by the settling defendants, reasoning that permitting the original judgment to stand would result in an improper double recovery for the plaintiff. *Id.* at 1278-79.

Other courts likewise have granted relief from a judgment under Rule 60(b) where enforcing the judgment would result in a double recovery or a windfall to the plaintiff. In *Federal Deposit Ins. Corp. v. United Pacific Ins. Co.*—involving circumstances very similar to those here—the defendant moved under Rule 60(b) for relief from a judgment on grounds that enforcement of the original judgment provided the plaintiff with a double recovery, and

the Tenth Circuit held that that the relief sought was required. 152 F.3d 1266 (10th Cir. 1998). In that case, the FDIC, as a bank's receiver, brought suit against the bank's insurers seeking recovery for losses on a loan under fidelity bonds. *Id.* at 1268-69. In moving for relief from the judgment, the insurers pointed out that the FDIC had recovered an amount in excess of the loss on the loan through a settlement of a related lawsuit and liquidation of the loan collateral. *Id.* at 1270. In reversing the district court's order denying the Rule 60 motion, the Tenth Circuit began by noting that "Rule 60(b) provides courts with a 'grand reservoir of equitable power to do justice in a particular case.'" *Id.* at 1272 (quoting *State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996)); *see also id* ("A district court accordingly has substantial discretion to grant relief as justice requires under Rule 60(b))." The court then concluded that "[s]uch a double recovery constitutes extraordinary circumstances which justify relief from judgment." *Id.* at 1275. The court further noted that "[a]lthough a district court has substantial discretion to deny a Rule 60(b) motion, *'a district court does not have discretion to require two satisfactions*.'" *Id.* (quoting *Sunderland v. City of Philadelphia*, 575 F.2d 1089, 1090 (3d Cir. 1978)) (emphasis added). In the end, the court held that a credit on the judgment was required in order to avoid a double recovery, even though the original judgment had taken into account the net recoveries that the plaintiff had obtained through the time of trial. *Id.* at 1269, 1275; *see also Torres-Troche v. Municipality of Yauco*, 873 F.2d 499 (1st Cir. 1989) (affirming district court's grant of Rule 60(b)(5) motion where plaintiffs settled with defendant's insurer, where the jury was not informed of this settlement and returned a verdict for the plaintiff in a smaller amount than the settlement, and where plaintiffs stood to recover twice for the same injury as

a result); *Branch Banking and Trust Co. v. Maxwell*, No. 8:10-cv-2464-T-23AEP, 2011 WL 4375034, at *2 (M.D. Fla. Sept. 20, 2011) (granting Rule 60(b) motion for relief from a default judgment because the plaintiff had acquired the collateral for the loan that the defendant guaranteed and noting that permitting the judgment to stand would result in a double recovery for the plaintiff); *Caraway v. Sain*, 23 F.R.D. 657 (N.D. Fla. 1959) (granting Rule 60(b) motion on the grounds that defendant was entitled by statute to a setoff of settlement amount between plaintiff and joint tortfeasor, and original judgment did not take that amount into account).

In another case also involving a similar situation, a Miller Act surety filed suit against the United States for reimbursement of payments it made to subcontractors and supplies to settle claims against payment bonds. *Travelers Indemnity Co. v. United States*, 81 Fed. Cl. 508, 509-10 (2008). After judgment was entered for the plaintiff, the plaintiff recovered its claimed amount in a bankruptcy proceeding against the entity for which Travelers served as surety and the United States moved for relief from the judgment under Rule 60(b). *Id.* at 509. In granting the United States' motion, the court explained that "although the decision and judgment were proper when rendered in this case, now to allow the judgment to retain its force when Travelers has received payment via other means would countenance a double recovery." *Id.*

The same goes here. Like the defendants in *BUC*, *FDIC*, and *Travelers*, Wachovia is entitled to a reduction of the judgment. Otherwise, the City will have received an impermissible windfall. Assuming without conceding that (a) Wachovia breached its contractual and/or common law duties to the City; (b) the City suffered concrete,

- 10 -

particularized, non-speculative damages; and (c) none of Wachovia's affirmative defenses were availing, the City is entitled to be made whole—nothing more. It is *not* entitled to obtain a greater recovery than the loss incurred.

That, however, is exactly what has happened. The jury awarded the City $10,387,500.00, ostensibly the difference between what the City claims was the value of the Lehman Note in the summer of 2008 ($14,400,000) and the stipulated value of the Lehman Note on the first day of trial ($4,012,500). Now, as a result of the $903,000 payment made to the City in the Lehman bankruptcy proceedings, the City has received more than the loss for which it sought (and received) compensation in this case. There is no legally sustainable reason why the City would be entitled to such a windfall. Indeed, this result is unfair and cannot be squared with the purpose and function of compensatory damages. This Court, consequently, may and should reduce the judgment by $903,000. *See City of St. Petersburg v. Wells Fargo Bank, N.A.*, No. 8:10-cv-00693-TBM, at p. 5 (M.D. Fla. Aug. 9, 2012) (denying Wachovia's post-trial motion based on unrealized loss grounds, but noting that "this court may address the potential for [a] windfall on subsequent pleadings").

## II. THIS COURT SHOULD ENTER JUDGMENT IN FAVOR OF WACHOVIA

Wachovia appreciates that a motion for reconsideration should be reserved for extraordinary circumstances, but this case presents just the type of circumstances justifying a request for reconsideration. While a reduction of the judgment will solve the specific double recovery problem that has arisen as a result of City's receipt of the $903,000 payment on the Lehman Note, further windfall payments likely will be made to the City through the Lehman bankruptcy proceedings. Indeed, another distribution to the City beyond the $903,000

payment is a certainty: another distribution has been announced and is scheduled to take place on October 1, 2012.  *See* Exhibit B.  Moreover, information directed to Lehman creditors states that an uncertain number of additional distributions will forthcoming as funds become available.  *See* Distribution FAQs at question 14, *available at* http://dm.epiq11.com/LBH/Project (updated April 20, 2012; last accessed August 30, 2012), attached hereto as Exhibit C.

The potential for such windfalls is precisely why the *Fresh Del Monte* court concluded that a plaintiff cannot recover unrealized losses.  *Fresh Del Monte*, 836 N.Y.S.2d at 164.  The concerns that are the basis for this legal principle—which Wachovia relied on in its Rule 50(a) and 50(b) motions—no longer are theoretical, but are real.  Wachovia, accordingly, asks this Court to reconsider its denial of Wachovia's motion for judgment as a matter of law and then enter judgment in Wachovia's favor.

## CONCLUSION

Wachovia is entitled to relief from judgment pursuant to Rule 60(b)(5) and/or Rule 60(b)(6) of the Federal Rules of Civil Procedure, and/or reconsideration under Rule 59 of the Federal Rules of Civil Procedure of this Court's denial of Wachovia's Rule 50(b) renewed motion for judgment as a matter of law.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), the parties have conferred and Plaintiff does not consent to the relief requested in this motion.

Respectfully submitted,

*s/ Mary J. Hackett*
Mary J. Hackett
K. Issac deVyver
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
412.288.3131

*Attorneys for Defendant*
*Wells Fargo Bank, N.A.*

Dated: August 31, 2012

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of August 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing to the following non-CM/ECF participants: None.

*s/ Mary J. Hackett*
Attorney for Defendant
