UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF ST. PETERSBURG, FLORIDA,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

**Case No. 8:10-cv-693-TBM**

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT OR RECONSIDERATION OF THE COURT'S DENIAL OF DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to Local Rule 3.01(b), Plaintiff, the City of St. Petersburg, Florida ("St. Petersburg"), submits this brief in opposition to Defendant's Motion for Relief from Judgment or Reconsideration of the Court's Denial of Defendant's Motion for Judgment as a Matter of Law.

## INTRODUCTION

On April 3, 2012, the jury awarded St. Petersburg $10,387,500.00 in damages for the loss it suffered on a $15 million investment made by Wachovia Bank, N.A. ("Wachovia")[1] on behalf of St. Petersburg in Lehman Brothers (the "Lehman Investment"). (Verdict Form at 1.) Specifically, the jury concluded that the Lehman Investment could have, and should have, been sold by Wachovia prior to Lehman's bankruptcy for $14,400,00.00. The jury subtracted from this amount $4,012,500.00, the amount stipulated by the parties as the value of the Lehman Investment at the beginning of trial. (Am. to J. Pretrial Statement at 1.) The jury then entered a verdict in the amount of $10,387,500.00 to St. Petersburg to compensate it for Wachovia's

[1] Wachovia was subsequently acquired by Defendant Wells Fargo Bank, N.A. (J. Pretrial Statement at 16.)

breach of contract and breach of fiduciary duty. (Court's Instrs. to Jury at 15; Verdict Form at 1.)

After trial, on April 17, 2012, St. Petersburg received its first distribution in the Lehman bankruptcy proceeding (the "Lehman Bankruptcy"). The first distribution for the Lehman Investment was in the amount of $900,627.53.[2] (Fritz Aff. ¶ 3, attached as Ex. A.) St. Petersburg is expected to receive another distribution of an unknown amount in the bankruptcy proceeding on October 1, 2012. (Fritz Aff. ¶ 4.) It is unknown at this time what the aggregate amount of all of the distributions in the bankruptcy proceeding for the Lehman Investment will be. (Fritz Aff. ¶ 5.) It is the aggregate amount of all of the bankruptcy distributions that will determine St. Petersburg's ultimate recovery on the Lehman Investment in the Lehman Bankruptcy.

Without any factual basis whatsoever, Wachovia mischaracterizes these bankruptcy distributions as "windfalls" and argues that St. Petersburg should not have been permitted to recover damages because its loss in the Lehman Investment was "unrealized." Wachovia's arguments are factually baseless and legally wrong.

First, the measure of damages sought by St. Petersburg, and awarded by the jury, took into account the fact that St. Petersburg continued to hold the Lehman Investment and would receive distributions in the Lehman Bankruptcy. In particular, the jury subtracted the stipulated value of the Lehman Investment at the time of trial ($4,012,500.00) from the damages it awarded to St. Petersburg. In other words, the jury offset the damages it awarded to St. Petersburg to reflect the fact that St. Petersburg would recover approximately $4,012,500.00 in the Lehman Bankruptcy. The only way that the $900,627.53 distribution would have been a "windfall" is if

[2] Wachovia's motion incorrectly reflects that the amount of the distribution St. Petersburg received was $903,000.00.

the jury had not done this and awarded St. Petersburg the full amount of its investment loss ($14,400,000.00).

Second, as has been repeatedly briefed and argued in this matter, it is well-established that a plaintiff can recover "damages for unrealized (but similarly real) losses." *See Gilbert v. EMG Advisors*, Inc., No. 97-17256, 1999 U.S. App. LEXIS 4719, at *10-11 (9th Cir. Mar. 8, 1999). Accordingly, this Court has already correctly rejected Wachovia's argument that St. Petersburg cannot recover its "unrealized" investment loss on two prior occasions. (Mar. 30 Tr. at 98-101; Ord. [on Post-Trial Motions] at 3-5.) The law is clear that damages can be proven based on established market values, which is exactly what St. Petersburg did.

Finally, to the extent that Wachovia actually believes that St. Petersburg might recover more than $4,012,500.00 in the Lehman Bankruptcy, St. Petersburg offered at trial to tender the Lehman Investment to Wachovia at the parties' stipulated value. Wachovia never responded to this offer, despite the fact that counsel for Wachovia conceded in a different case involving the exact same Lehman Investment that such an offer would avoid any "windfall." *See SCF Ariz. v. Wells Fargo Bank, N.A.*, No. 09 Civ. 9513, 2011 U.S. Dist. LEXIS 99439, at *20-21 (S.D.N.Y. Sept. 1, 2011).

Despite Wachovia's failure to address this issue at trial, St. Petersburg has yet again offered to address this issue in a manner that would assure Wachovia that St. Petersburg would not receive any "windfall." Specifically, in an attempt to resolve this motion, St. Petersburg proposed on September 10, 2012 that the judgment be amended to either (1) require St. Petersburg to tender the Lehman Investment <u>and</u> the $900,726.53 distribution to Wachovia at the parties' stipulated price of $4,012,500.00, which could be effectuated by a transfer of the Lehman Investment from St. Petersburg to Wachovia for $3,111,773.57 ($4,012,500.00 –

$900,726.43); or (2) require St. Petersburg to pay any money it receives in the Lehman Bankruptcy for the Lehman Investment in excess of $4,012,500.00 to Wachovia. (*See* Sept. 10, 2012 Letter, attached as Ex. B.) Either proposal would eliminate the possibility of St. Petersburg receiving a "windfall" and would address all of Wachovia's purported concerns. Wachovia has not substantively responded to this offer.

In sum, Wachovia's motion has no basis in fact and no basis in law. First, St. Petersburg has not received a "windfall," and any suggestion that it has is factually baseless. Second, Wachovia's argument that a plaintiff cannot recover an "unrealized" loss is contrary to law. Finally, despite the lack of factual and legal support for its motion, St. Petersburg has nonetheless acted in good faith to address Wachovia's purported concerns. Wachovia, however, has not responded. For these reasons, Wachovia's motion should be denied in its entirety.

**ARGUMENT**

**I. ST. PETERSBURG HAS NOT RECEIVED A "WINDFALL."**

Wachovia argues that the judgment entered against it should be reduced because it believes the $900,726.53 distribution St. Petersburg received in the Lehman Bankruptcy is a "windfall." This argument, however, wholly ignores the fact that the damages St. Petersburg sought, and that the jury awarded, were reduced by the value of the Lehman Investment at the time of trial. The whole purpose of the jury reducing the award at trial was to account for the fact that, at some point, St. Petersburg would recover some residual value from the Lehman Investment. Wachovia's egregious failure to account for this in its argument demonstrates the baseless nature of its motion.

As this Court is already aware, at trial, St. Petersburg presented evidence that if Wachovia had notified it of credit rating downgrades to the Lehman Investment in the summer of

2008, it would have sold the Lehman Investment for 96 cents on the dollar, or $14,400,000.00. (Mar. 27 Tr. at 57-58; Mar. 30 Tr. at 46-47, 85-86, 135-36; Pl.'s Ex. 92; Def.'s Ex. 252-T, 252-U.)[3] In addition, the parties stipulated that the value of the Lehman Investment as of March 26, 2012, the day trial began, was $4,012,500.00. (Am. to J. Pretrial Statement at 1; Court's Instrs. to Jury at 15.) Based on this evidence, the jury determined that St. Petersburg suffered a loss in the Lehman Investment of $10,387,500.00 – the value of the Lehman Investment at the time it should have been sold, minus the remaining value of the investment at the time of trial ($14,400,000.00 – $4,012,500.00 = $10,387,500.00).

The above calculation by the jury was appropriate, and in accordance with the jury instructions. (Court's Instrs. to Jury at 15.) The value of the Lehman Investment at the start of trial was stipulated to by the parties to avoid needless testimony on this issue. (*See* Am. to J. Pretrial Statement at 1.) There is no evidence that this amount was inaccurate or speculative at the time of trial. Although legally irrelevant, there is also no evidence that this value has changed since trial, despite unsupported assertions by Wachovia's counsel. Given the above facts, Wachovia's motion should be denied as factually baseless.

Moreover, the purported legal basis for Wachovia's motion is inapplicable. "As a general matter, a motion for a credit on a judgment should be treated as a Rule 60(b)(5) motion for relief from a judgment which has been satisfied, released, or discharged." *Travelers Indemnity Co. v. United States*, 81 Fed. Cl. 509 (2008) (internal quotations and citations omitted). "[T]he question typically posted [in such a motion] is whether the judgment from which relief is being sought actually has been satisfied in whole or in part." *Id.* at 510.

[3] The pages of the trial transcripts and the trial exhibits cited in this brief are attached as Exhibits C and D respectively.

In this case, the judgment has not been satisfied in whole or in part by the $900,726.53 distribution that St. Petersburg received in the Lehman Bankruptcy. Indeed, the purpose of reducing the damages award by the value of the Lehman Investment at the time of trial was to take into account the fact that St. Petersburg was going to receive such distributions, which in the aggregate value should equal the stipulated amount of $4,012,500.00.

Wachovia's confusion regarding the purpose of the bankruptcy distributions is inexplicable. As Wachovia is well aware, the remaining value of the Lehman Investment is simply the present value of the aggregate payments St. Petersburg is expected to receive in the Lehman Bankruptcy. *See* Frank J. Fabozzi & Steven V. Mann, Introduction to Fixed Income Analytics 65 (2001) ("The fundamental principle of valuation is that the value of any financial asset is equal to the present value of its expected future cash flows.") (attached as Exhibit E). At the end of these payments, St. Petersburg's Lehman Investment will be extinguished.

In the case of the Lehman Investment, at the time of trial, the value stipulated by the parties ($4,012,500.00) was the present value of the aggregate amount of the expected bankruptcy distributions, including the $900,726.53 payment. In other words, as of the start of trial, the present value of the bankruptcy distributions St. Petersburg was expected to receive was $4,012,500.00. Thus, by reducing the amount of damages it awarded St. Petersburg by this amount, the jury took into account the fact that St. Petersburg would receive future distributions in the Lehman Bankruptcy. The $900,726.53 bankruptcy distribution is just the first of these expected payments and, therefore, is not a "windfall" and does not result in a "double recovery." It is simply a partial realization of the $4,012,500.00 St. Petersburg is expected to receive in the bankruptcy.

## II. ST. PETERSBURG IS ENTITLED TO RECOVER ITS "UNREALIZED" INVESTMENT LOSS.

Wachovia next argues that the judgment should be set aside in its entirety based on the "legal principle" that "a plaintiff cannot recover unrealized losses." (Def.'s Mot. at 12.) As this Court and the Southern District of New York have already determined, no such legal principle exists. Wachovia made this exact argument at trial and in its post-trial motions, and the Court correctly rejected it both times. (Mar. 30 Tr. at 98-101; Ord. [on Post-Trial Motions] at 3-5.) In addition, Wachovia's argument has also been rejected by the Southern District of New York in a nearly identical securities lending case involving the exact same Lehman Investment. *See SCF Ariz.*, 2011 U.S. Dist. LEXIS 99439, at *20-21. As the *SCF Arizona* court stated, there is simply no "controlling law to support [Wachovia's] argument" that unrealized losses are not recoverable. *Id.*

The fact that St. Petersburg has now received a distribution in the Lehman Bankruptcy and is expected to receive a second distribution on October 1, 2012 does not have any impact on this analysis. As discussed above, the measure of damages awarded by the jury took into account the fact that St. Petersburg would receive bankruptcy distributions in the amount of $4,012,500.00, and this amount was subtracted from the total amount of damages awarded to St. Petersburg. (*See* Court's Instrs. to Jury at 15.) There is no evidence that St. Petersburg will recover any more than this amount in the Lehman Bankruptcy. To the contrary, according to the Distribution FAQs attached to Wachovia's motion as Exhibit C, the "estimated recovery" for the Lehman Investment (i.e., the total recovery expected in the bankruptcy proceeding) is only 21.1%, or $3,165,000.00 – almost a million dollars less than the parties' stipulated value. (*See* Distr. FAQs, Question No. 31 and LBHI Class 3 Securities List at 9.) Accordingly, there is no basis for Wachovia's claims that these distributions are a "double recovery" or "windfall."

Finally, Wachovia's motion for reconsideration is properly characterized as a motion under Rule 60(b) for relief from judgment, not a motion under Rule 59(e) as misapplied by Wachovia.[4] The purpose of Rule 60(b), however, is not to "permit parties to relitigate the merits of claims or defenses." *Gonzalez v. Sec'y for Dept' of Corr.*, 366 F.3d 1253, 1291-92 (11th Cir. 2004). That is exactly what Wachovia is attempting to do here by re-arguing, for the third time, and without any legal or factual support, that a plaintiff cannot recover "unrealized" losses. Wachovia's motion for reconsideration, therefore, should be denied.

## III. WACHOVIA HAS REJECTED ST. PETERSBURG'S OFFERS TO TENDER THE LEHMAN INVESTMENT TO WACHOVIA.

Finally, St. Petersburg offered during trial to tender the Lehman Investment to Wachovia in order to address its purported concerns. (*See* Mar. 30 Tr. at 96-101; Pl.'s Br. in Opp. to Def.'s Mot. for J. as a Matter of Law at 6.) This was the exact remedy contemplated by the United States District Court for the Southern District of New York in the *SCF Arizona* case. *SCF Ariz.*, 2011 U.S. Dist. LEXIS 99439, at 20-21. Indeed, in that case, counsel for Wachovia (the same counsel that represent Wachovia in this case) "conceded at oral argument that [the plaintiff's] willingness to tender the Lehman [Investment] upon an award of damages [would] obviate[] any concern about double recovery." *Id.* Wachovia, however, never responded to St. Petersburg's offer, preferring instead to litigate this issue rather than simply resolving its concerns.

In response to this motion, St. Petersburg has once again proposed to tender the Lehman Investment to Wachovia. In particular, on September 10, 2012, St. Petersburg indicated that it was willing to consent to an amendment of the judgment that would address Wachovia's

[4] Wachovia has brought its motion for reconsideration under Rule 59(e). A motion under Rule 59(e), however, must be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). In this case Wachovia filed its motion for reconsideration on August 31, 2012, more than four months after the entry of judgment on April 4, 2012. Thus, Wachovia's motion, if treated as a Rule 59(e) motion, is untimely. Nonetheless, the Court may choose to treat this as a Rule 60(b) motion. *See Wendy's Int'l v. Nu-Cape Constr.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996) (treating an untimely motion under Rule 59(e) as a Rule 60(b) motion).

concerns in one of two ways. (*See* Sept. 10, 2012 Letter.) First, St. Petersburg proposed an amendment to the judgment that would require St. Petersburg to tender the Lehman Investment and the $900,726.53 distribution it received to Wachovia at the parties' stipulated price of $4,012,500.00. (*See* Sept. 10, 2012 Letter.) This could be effectuated by requiring St. Petersburg to transfer the Lehman Investment to Wachovia for $3,111,773.57 ($4,012,500.00 – $900,726.43). Alternatively, St. Petersburg proposed that the judgment could be amended to require St. Petersburg to pay any money it receives in the Lehman Bankruptcy for the Lehman Investment in excess of $4,012,500.00 to Wachovia. (*See* Sept. 10, 2012 Letter.) Either of these proposals would eliminate any possibility of St. Petersburg receiving a "windfall." Wachovia has not substantively responded to this offer.[5]

## CONCLUSION

For the reasons discussed above, Wachovia's motion to reduce the judgment by $900,726.53 and its motion for reconsideration of the denial of its motion for judgment as a matter of law should be denied in their entirety. Wachovia's motion is factually inaccurate and seeks to re-litigate issues of law already decided by this Court.

[5] In light of Wachovia's refusal to accept this offer, and the lack of any factual or legal basis in support of its position, St. Petersburg reserves the right to seek its costs, including reasonable attorneys' fees, in opposing this motion.

This the 14th day of September, 2012.

CITY OF ST. PETERSBURG, FLORIDA

By its attorneys,

SMITH MOORE LEATHERWOOD LLP

*/s/ C. Bailey King, Jr.R. Marcus*
Robert R. Marcus
N.C. State Bar No. 20041
C. Bailey King, Jr.
N.C. State Bar No. 34043
525 N. Tryon Street, Suite 1400
Charlotte, NC 28202
Telephone: 704.384.2600
Facsimile: 704.384.2800
rob.marcus@smithmoorelaw.com
bailey.king@smithmoorelaw.com

JOHN C. WOLFE, CITY ATTORNEY

Jacqueline Kovilaritch
Assistant City Attorney
P.O. Box 2842
St. Petersburg, FL 33731
Telephone: (727) 893-7401
Facsimile: (727) 892-5262
FBN: 380570
Jacqueline.Kovilaritch@stpete.org

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT OR RECONSIDERATION OF THE COURT'S DENIAL OF DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW** was filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I further certify that the foregoing was served on the following counsel for Defendants via e-mail:

Mary J. Hackett
Jack Cobetto
K. Isaac deVyver
Karla L. Johnson
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222

Samuel J. Salario, Jr.
Kevin P. McCoy
CARLTON FIELDS, P.A.
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, FL 33607-5736

This the 14th day of September, 2012.

*/s/ C. Bailey King, Jr.*
Robert R. Marcus
*Attorney for Plaintiff*